IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID W. CLARK                                                                                            PLAINTIFF

vs.                                          Civil No. 5:09-cv-05225

MICHAEL J. ASTRUE                                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

David W. Clark ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his applications for DIB and SSI on May 23, 2005.  (Tr. 109-111).  Plaintiff alleged he was disabled due to degenerative discs, arthritis, fused vertebra in his neck, high blood pressure, high cholesterol, stress, anxiety, and arthritis in his ankles.  (Tr. 123).  Plaintiff alleged an onset date of November 15, 2001.  (Tr. 124).  These applications were initially denied on June 15,

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this case are referenced by the designation "Tr."

2005 and were denied again on reconsideration on December 7, 2005. (Tr. 87-90).

On January 6, 2006, Plaintiff requested an administrative hearing on his applications. (Tr. 86). This hearing was held on November 15, 2007 in Springfield, Missouri. (Tr. 19, 53). On January 8, 2008, ALJ David Fromme rendered an adverse decision denying Plaintiff's claim for DIB, however, his opinion did not address Plaintiff's claim for SSI. (Tr.19). On February 15, 2008, Plaintiff requested the Appeals Council review Judge Fromme's adverse decision on. (Tr. 39-40). Plaintiff subsequently moved to Arkansas from Missouri and filed a second Title XVI application for SSI on March 13, 2008. (Tr. 20).

On September 24, 2008, the Appeals Council denied Plaintiff's request for review of his DIB claim, but in a separate order of the same date, remanded Plaintiff's case for consideration of his SSI application for the period of time after December 31, 2006. (Tr.19, 35-36,41-43,45-49). The March 13, 2008 application for SSI was deemed duplicative and was combined with the previous SSI claim which was remanded by the Appeals Council. (Tr. 20).

A second hearing on Plaintiff's SSI applications was held on February 26, 2009 in Fayetteville, Arkansas. (Tr. 561-612). Plaintiff was present and represented by counsel, Walter Hellums, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing. *See Id.* On the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and had completed the twelfth grade. (Tr. 569).

On April 30, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications for SSI. (Tr. 19-28). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 23, 2005. (Tr. 22, Finding 1). The ALJ determined Plaintiff

had the following severe impairments: unstable left ankle, mild degenerative disc disease, congenital fusion, calcaneus spurs, history of testicular cancer, history of alcohol abuse, and damaged nerve in the urethra/penis. (Tr. 22, Finding 2). The ALJ also determined, however, Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 3).

In this decision, the ALJ indicated she evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 23-26, Finding 4). The ALJ stated she evaluated these subjective complaints and allegedly disabling symptoms pursuant to the requirements and factors of 20 C.F.R. § 416.929 and found his claimed limitations were not totally credible. (Tr. 23-24).

The ALJ also reviewed all the medical evidence and hearing testimony and determined Plaintiff's RFC. (Tr. 23-26, Finding 4). Specifically, the ALJ determined Plaintiff retained the RFC to perform light work except he cannot engage in sustained driving as part of his job; cannot climb scaffolds, ladders, and ropes; must avoid unprotected heights and dangerous equipment; and can only occasionally stoop, bend, crouch, crawl, kneel, balance, and climb ramps and stairs. The ALJ also found Plaintiff can only work in routine and repetitive jobs that have simple noncomplex instructions; that have few variables and require little judgment; that involve only superficial contact with the public and coworkers incidental to the work involved; and that have concrete, direct, and specific supervision. (Tr. 23, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy. (Tr. 26-27, Findings 5,9). Plaintiff and the VE

3

testified at the administrative hearing regarding these issues. (Tr. 565-566, 608-612). Based upon this testimony, the ALJ determined Plaintiff's PRW included work as an electrical motor assembler, fast food worker, fast food manager, and taxi driver. (Tr. 26). The ALJ determined, considering his RFC, that Plaintiff would be unable to perform his PRW. (Tr. 26, Finding 5).

However, the ALJ determined Plaintiff would be able to perform other work existing in significant numbers in the national economy. (Tr. 26, Finding 9). Specifically, the VE testified Plaintiff would be able to perform work as a bench assembler with approximately 300,000 such jobs in the nation and 6,300 such jobs in Arkansas, laundry worker with approximately 280,000 such jobs in the nation, and 2,500 such jobs in Arkansas, and work as a patcher with approximately 106,000 such jobs in the nation and 1,500 such jobs in Arkansas. (Tr. 45-46). Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from December 31, 2006, through the date of decision. (Tr. 27, Finding 10).

On June 13, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 7). *See* 20 C.F.R. § 404.984(b)(2). On August 18, 2009, the Appeals Council declined to review this determination. (Tr. 3-5). On October 21, 2009, Plaintiff appealed the ALJ's decision to this Court. ECF No. 1. Both parties have filed appeal briefs. ECF Nos. 8,9. The parties consented to the jurisdiction of this Court on November 23, 2009. ECF No. 5.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In his appeal brief, Plaintiff claims the following: (1) the ALJ failed to properly consider the combined effects of Plaintiff's impairments; (2) the ALJ failed to properly assess Plaintiff's credibility of subjective complaints; and (3) the ALJ erred in her RFC determination. In response, Defendant argues: (1) the ALJ properly considered the combined effects of Plaintiff's impairments; (2) the ALJ properly assessed Plaintiff's credibility of subjective complaints; and (3) substantial evidence supports the ALJ's RFC determination. Because this Court finds the ALJ erred in assessing Plaintiff's subjective complaints, this Court will only address this claim.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the *Polaski* factors had been considered (Tr. 23), a review of the ALJ's opinion shows that instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective

7

complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility. Other than mentioning Plaintiff's use of medication, the ALJ made no other specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis.

This lack of analysis is insufficient under *Polaski*, and this case must be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* must be performed.[3]

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] Based on these findings, I do not find it necessary to reach to other points of error raised by the Plaintiff in this appeal.